The last oral case on today's docket is the case of People v. Brian Bowlby, and we have Mr. Lawrence O'Neill as the appellant, and we have Allison Pagebrook as the appellant. You may proceed Mr. O'Neill. May it please the Court, Counselor. My name is Lawrence O'Neill and I represent the appellant Brian Bowlby in this cause. This is a direct appeal following a jury trial where Mr. Bowlby was convicted of predatory criminal sexual assault of a child and aggravated criminal sexual abuse. The complainant in this case is Mr. Bowlby's daughter, A.B., who alleged that Mr. Bowlby had sexually abused her in the summer of 2005 when she was nine years old. I have raised three issues in this appeal, including one issue raised in a supplemental brief. With respect to the supplemental brief, Mr. Bowlby had previously been convicted of predatory criminal sexual assault of a child in Saline County in February of 2012. The offense in the instant case allegedly occurred in the summer of 2005 in Hamilton County. In the supplemental brief, I argued in the statement's brief that Mr. Bowlby's sentence of natural life in prison must be violated and he must receive a new sentencing hearing because he was not eligible for a natural life sentence in this case under the second provision of the predatory criminal sexual assault of a child statute because the commission of the instant offense occurred before the initial conviction for predatory criminal sexual assault of a child and the sentencing statute requires that the commission of the second offense occur after the initial conviction. Next, I will address Argument 2 in my brief. In Argument 2, I asked this court to reverse Mr. Bowlby's convictions and remand the case for a new trial because he was denied a fair trial where the trial court allowed the impeachment of Mr. Bowlby with 18 prior predatory criminal sexual assault of a child convictions without first weighing the probative value and the unfair prejudice. Moreover, had the court conducted the proper balancing, it would have been an abusive discretion to allow the state to use 18 convictions as impeachment where the presidential effect outweighed the probative value because of the serious risk that the jury would convict based upon the fact that Mr. Bowlby had 18 prior convictions for the same offense for which he was on trial. As noted, in February of 2012, Mr. Bowlby was convicted of 18 counts of predatory criminal sexual assault of a child in Saline County. He was also charged in this case in Hamilton County with predatory criminal sexual assault of a child. Before trial, Mr. Bowlby filed a motion in Lemonade asking the trial court to bar the state from impeaching him with these prior convictions if he should testify, arguing that the unfair prejudice outweighs the probative value under People v. Montgomery and its progeny. Also before the trial, the state filed a notice of intent to admit other offense evidence to show propensity under 725 ILCS 5115-7.3. The other offense evidence consisted of the testimony of Stacy Allen, who testified to Mr. Bowlby and sexually abused her between 1991 and 1995. The question of allowing Allen's testimony is raised in Argument 1. However, for purposes of this argument, the trial court in the pretrial hearing took up both of these motions. At the hearing, the attorneys first argued Mr. Bowlby's motion in Lemonade to bar impeaching him with the 18 prior Saline County convictions. After the prosecution argued the motion regarding impeachment, he pivoted to the issue regarding the admissibility of the prior offense propensity evidence. The trial court then denied Mr. Bowlby's motion in Lemonade to bar the impeachment with the prior convictions, and also ruled that the state was allowed to introduce the propensity evidence of Stacy Allen. The court noted that Section 115-7.3 allows such evidence where the defendant is accused of predatory criminal sexual assault with a child. However, with respect to denying Mr. Bowlby's motion in Lemonade to bar his impeachment evidence with 18 convictions, the trial court never weighed the prejudice and the probative value of the evidence, as required by the Supreme Court in Montgomery and Williams and many other cases. Then Mr. Bowlby testified at trial that because the trial court had allowed the impeachment evidence, evidence that Mr. Bowlby had 18 prior predatory criminal sexual assault of a child were introduced. For this reason alone, because the trial court did not conduct the balancing of the prejudice and probative value of this evidence, Mr. Bowlby was denied a fair trial. Therefore, he should receive a new trial with this appeal. However, had the trial court weighed the unfair prejudice and the probative value, it would have been an abuse of discretion to allow the use of these 18 prior convictions as impeachment, where the prior convictions involved the same offense for which Mr. Bowlby was at trial here, thus increasing the prejudicial impact of the evidence. When the jury learned that Mr. Bowlby had 18 prior felony convictions for the same offense for which he was at trial, there was no chance he would be judged in this case based upon the evidence and credibility of witnesses at trial. Rather, the jury would find him guilty because he had 18 prior convictions for the same offense for which he was at trial. Thus, the jury was so tainted by these prior convictions that Mr. Bowlby was denied a fair trial, entitling him to a new trial. Thus, there are two reasons why Mr. Bowlby should receive a new trial on this issue. The first is the trial court conducted no weighing of the evidence, of the probative and the prejudice. That in itself was prejudicial there. Second hand, a balancing test occurred because the prior convictions were 18 in them and involved the same offense. The jury could not, of course, find Mr. Bowlby guilty of the incident offenses after knowing that he had previously committed 18 of these same offenses of the offenses he was at trial for. Mr. Bowlby had no chance of a fair trial with the admission of these 18 prior felony convictions involving this same offense, and I ask this court to reverse the conviction and demand for a new trial. With respect to argument one, I'll touch upon it briefly in passing. The trial court erred in admitting the testimony of Stacy Allen as propensity evidence under the propensity statute 5.15-7.3. Prior to trial, the state filed a notice to admit Allen's testimony that Mr. Bowlby had sexually abused her between 1991 and 1995. The trial counsel filed an objection to this evidence, and following a hearing, the trial court granted the state's request to introduce Allen's testimony as propensity evidence. This trial court's ruling here was a prejudicial error, and the admission of this testimony denied Mr. Bowlby a fair trial. Therefore, I ask this court to reverse its convictions and demand for a new trial. The propensity statute is a limited exception to the general rule that bars other offense evidence because it is too prejudicial, and it allows the state to introduce evidence that the defendant committed a prior offense of sexual assault or sexual abuse if the defendant is accused of predatory criminal sexual assault, as Mr. Bowlby was, and the probative value of the evidence outweighs its prejudicial impact. The statute states that in weighing the probative value of the unfair prejudice, the court should consider several factors. Applying these statutory factors here, the trial court abused its discretion by allowing the other offense evidence to be introduced by Stacy Allen. First, the alleged prior offenses were not adequately approximated to the instant offense and trial. The alleged prior offenses against Stacy Allen occurred between 1991 and 1995, when Allen was between the ages of 6 and 10. The trial in the instant case occurred in October of 2013, when Allen was 28 years old. This long interim between the alleged prior offense and the trial in the instant case lacked the temporal proximity to be sufficiently probative and reliable with respect to the instant charges. Thus, the lack of temporal proximity lessened the probative value of the evidence, but was yet highly prejudicial. Secondly, the statute requires the courts to look at the degree of factual similarity between the prior offense and the instant charge. Here, the prior offenses lack a sufficient degree of factual similarity to be admissible under the statute. There were significant factual dissimilarities. Thank you, Your Honor. Thank you, Ms. Gamble. We'll have the opportunity to rebut. Ms. Brooks? Thank you, Your Honors. Alison H. Brooks, appearing on behalf of the people. May I please report? The State does concede the error in the sentence on the basis of ineffective assistance of counsel because the defense counsel had affirmatively agreed to the life sentencing as being mandatory when it was, in fact, not an eligible sentence. That would be an obvious basis for resolving that issue. With respect to the impeachment issue, the defendant's insistence on what he claims is the fact that the trial court engaged in zero weighing of prejudice and probative value is not supported by the record. In fact, instead, it should be like the Williams case, in which it should be presumed that the trial court did not disregard its duty to balance probative value and prejudice after reading the prosecution's motion, which cited Montgomery and referred to the balancing test, as well as the arguments of the parties dealing with the issues of probative value and prejudice. So in that respect, the balancing did occur. What happened in this case, though, that kind of is a wrinkle, is that the balancing occurred after the trial court noted that the prior convictions were admissible for propensity purposes under the statute, Section 115-7.3. And because of that, and the state makes the analogy of the situation where the risk of unfair prejudice for consideration of propensity does not apply when the impeached witness is not the defendant, a criminal defendant, but is simply just a witness. In this case, it is sort of like a different situation than the ordinary case, because the impeachable convictions in this case were convictions that would have been admissible under Section 115-7.3 as propensities. So therefore, the risk of unfair prejudice that's in an ordinary situation of an impeachment of a criminal defendant who has prior convictions is not the same. And that trial court recognized that distinction, and after allowing for that distinction, then ruled, conducting without stating explicitly on the record it was doing so, but did, in fact, conduct the balancing test. The defendant's citation of cases dealing where there's an abdication of the rule of balancing or truncation of that are distinguishable. And for that reason, there was proper mind at rebalancing, and the defendant's burden in order to obtain a reversal is to show the trial court abuses discretion. There's also another wrinkle here in that ordinarily when the defense moves to not have him impeached when he testifies, and that motion is denied and that he is impeached, even if he goes ahead and has his attorney ask him and he admits that he has these prior convictions, he would not be barred from raising that issue on appeal by virtue of having testified to that fact because he had the pretrial motion in limine denied. However, this is a distinguishable situation. Again, here's the wrinkle. Because the trial court did not ultimately admit the prior convictions as proofs of propensity, ruled on the basis of the fact that the prosecution's section 115-7.3 notice was insufficient to bring in prior Saline County convictions in this trial. Now, at the pretrial posture, these were still subject to being admitted. However, because of the prosecution's oversight, did not get that notice to the defendant, and when the prosecution then moved to issue the notice during trial, the defense has subjected and sidebars, and the trial court ruled against the prosecution found no good cause to be required under the statute to admit that without pretrial notice given. So in this case, the defendant would have been unaccompanied on the defendant to renew the motion to have his impeachment barred, and said did not do so. And in the arguments of citing, in order to successfully get the prior convictions inadmissible under section 115-7.3 for propensity purposes, if the defense cites that because he's going to be impeached on that, citing essentially taking affirmative benefit of the trial court's ruling, because when there's impeachment, it's limited to the defendant's credibility. It cannot be used for propensity purposes, and there's an instruction that's given to that effect, which substantially mitigates the risk of unfair prejudice. The defense takes advantage of that pretrial ruling, and keeps his prior convictions out for propensity, and then introduces the evidence himself in his own direct testimony. So in this situation, it is kind of different than the ordinary situation where a defendant moves in to eliminate, to prevent the impeachment, has that denied, and then goes ahead and testifies about it as sort of like a tactical approach. And that would not prevent him from raising that, but this is not an ordinary case, and for the reasons I just stated. And also, the defendant makes a notice that the pretrial hearing took up both motions. Well, this is, the defense said these issues were closely related, and that those motions and issues were closely related. And so the trial court did kind of consider them in tandem with each other. And the reason why they were closely related is because if these prior convictions were admissible for propensity purposes, then that would change the, would affect the calculus of the Montgomery balancing. Because the major issue of Montgomery balancing is, are these going to be considered by jury, is a risk of being considered improperly for propensity. And so this is a different situation. And McKibbins can say that the cases say that the failure to limit the number of convictions is not evidence that the trial court did not conduct a Montgomery balancing. And also the Mullins case, even though it's the same offense, predatory criminal sexual assault of the child, does not keep these out as well. So, moving on to the first issue, which is... Excuse me for just a second. Yes. If this case were sent back for a new trial, and the state were to correct its oversight with regard to the convictions from Salem County, not listing those... The notice, yes. Right? Wouldn't the next jury be able to use that Salem County convictions for propensity and possibly impeachment, which would make the likelihood of a conviction even greater? Exactly and absolutely, Your Honor, because not only just the prior convictions, but possibly the victim herself testifying about the conduct underlying those convictions. If it were sent back, it would be sent back for Montgomery balancing as part of this court's remand instructions. If this court agreed with the defendant that that, in fact, did not occur or did not occur properly or there was abuse of discretion. In that situation, yes. If it were a new trial, the state would have another opportunity to provide a pre-trial notice, and there would be likely admitted by the trial court evidence of the prior convictions as well as possible evidence underlying those. And that would, in fact, make it... The issue of whether the defendant is prejudiced by the impeachment is kind of hailed in comparison when it's properly vetted for propensity. With respect to the other victim, who is the cousin of the defendant, the defense makes a lot of emphasis on the fact that the trial occurred in 2013. While the statute refers to proximity in time to the charge defense, the charge defense here occurred in 2005, which was a lot earlier. So they're kind of doubling, almost doubling the length of time, which the proximity factor should really refer to. If the prior offenses occurred as late as 1995 for the cousin and the defendant's daughter was... Occurred in, like, 2005, then there's no more than really a 10-year gap. Here there are substantial similarities. There's the family relationship, the fact that the offenses occurred inside a home where the defendant was living. There is the same sex of the victim, the fact that their contact was between the defendant's penis and the victim's... Each victim's vagina. These are substantial factual similarities. And one of the things the defendant says is a distinguishing factor is his age. Well, of course, that's already taken into consideration based on the proximity of time. So the defendant is obviously aging during that time, so that's not really a significant thing. Also, you know, the victim's age is... The cousin was as old as 10, and here the abuse started with the daughter at age 11, which is very close in time. So the substantial, very substantial similarities make this very highly probative and can overcome a 10-year difference in time between offenses. And so for that reason, the defendant is not persuaded that there is an abuse of discretion in the trial court's ruling admitting evidence of the abuse of the cousin, which was other conduct evidence admitted for propensity purposes under Section 115-7.3. So for those reasons, the state requests this court to affirm and thank you for your time and entertaining other questions. Thank you. Thank you. Mr. O'Neill. First, Your Honor, to your question, if the case went back and the state remedied its deficiency in its notice of intent, my position would be that it would not be admitted as propensity evidence because they're too prejudicial. There's always a balancing of the prejudice and the probativeness. And my position strongly is 18 similar convictions would never pass a proper balancing of prejudice and probativeness. And if it was allowed, then I would say that there would be an abuse of discretion. So you believe that the court might allow some, but not all 18? Perhaps. Perhaps. But I think 18 is, you know, I think that would always be prejudicial. I submit to your honor. Regarding the counsel's position that the trial court didn't conduct a balancing test, to me, the record does not affirmatively show that the judge engaged in any kind of weighing on the impeachment evidence. I submit to the court that the trial court got caught up in the propensity argument and simply allowed the propensity evidence and the then, it is sort of kind of a part of that, allowed the impeachment evidence. So I do not think that there is any affirmative balancing of the prejudice and probativeness here. Plus, it's important to notice that it's not sufficient for the trial judge to consider the propensity evidence. Does that not satisfy for a consideration of the Montgomery factor? Specifically, in determining the prejudice and the probativeness, weighing the prejudice and probativeness for Montgomery, the court is required to look at the similarities of the prior offense and the incident offense because it causes a higher level, a higher degree of prejudice. Here, 18 of the same offenses. So the different factors to consider are propensity and with impeachment. And the important part is, in impeachment, the court must consider whether the prior offense is similar to the incident offense. And even if the judge, if you're honest, can find that the judge did consider, did weigh the probativeness and prejudice, it was an abuse of discretion. If we have this Montgomery rule that says we only allow prior convictions because it's unlimited certain circumstances because it's so prejudicial. Now, if there ever, and that's the rule, if there ever is a case of where it's too prejudicial, it would be 18 prior convictions of the same offense that he's on trial for. If there is a rule, if Montgomery has any validity and enforcement in the law, it has to apply in this case. I cannot see a situation where we could have prejudice. If we don't have prejudice, well, there's 18 prior convictions for the same offense. So I submit to this court that it was an abuse of discretion. If there's a balance, there was no accident, there was no balance, but if there is, it has to be an abuse of discretion. Are there any other questions, your honors? Were the 18 prior convictions in Salem County, those were, Salem County basically jumped at trial, got first in line for the trial because he just moved to, was it Hamilton County? Correct. Afterwards, and potentially we're talking about the same victim and just repeated incidents. Correct. Okay. Thank you, your honors. Thank you. Thank you, Mr. O'Neill. We will take the matter under advisement. All rise.